Dear Mr. Turner:
This is in response to your recent request for an opinion asking:
 Does Section 610.010(3), RSMo., as amended, entitled "Public Meeting" prohibit the City Manager of St. Joseph, Missouri, from meeting behind closed doors in his office in City Hall with one or more City Councilmembers of St. Joseph without notice to anyone, other than the council member(s) in attendance to discuss City policy?
As we view this question, the legal issue posed is whether a meeting of less than a quorum of the members of a public governmental body is subject to the provisions of the Sunshine Law, Chapter 610, RSMo 1978 Supp. 1983.
Section 610.015, RSMo 1978, states in part: "Except as provided in section 610.025, and except as otherwise provided by law, . . . all public meetings shall be open to the public. . . ."
Section 610.020.1, RSMo Supp. 1983, states in part: "All public governmental bodies shall give notice of the time, date, and place of each meeting, and its tentative agenda, in a manner reasonably calculated to apprise the public of that information. . . ."
Section 610.020.6, RSMo Supp. 1983, states: "All public governmental bodies proposing to hold a closed meeting, record, or vote shall give notice of the time, date, and place of such meeting and the reason for holding the closed session by references to the specific exemption allowed under the provisions of section 610.025."
Section 610.010(3), RSMo. Supp. 1983, states:
 As used in sections 610.010 to 610.030 and 610.100 to 610.115, unless the context otherwise indicates, the following terms mean:
. . .
 (3) "Public meeting", any meeting of a public governmental body subject to this act at which any public business is discussed, decided or public policy formulated, but shall not include an informal gathering of members of a governmental body for ministerial or social purposes when there is no intent to avoid the purposes of this chapter;
(Emphasis in original and revisor's note omitted.)
Section 610.020.4, RSMo Supp. 1983, states:
 A formally constituted subunit of a parent governmental body may conduct a meeting without notice as required by this section during a lawful meeting of the parent governmental body, a recess in that meeting, or immediately following that meeting, if the meeting of the subunit is publicly announced at the parent meeting and the subject of the meeting reasonably coincides with the subjects discussed or acted upon by the parent governmental body.
In Opinion No. 330, Volkmer, 1973, copy enclosed, this office concluded that meetings of subcommittees of the St. Louis County Council, which do not include the entire membership of the council, are subject to the Sunshine Law. In Opinion No. 10, Schechter, 1975, copy enclosed, this office concluded that luncheon meetings of the minority members of the St. Louis County Council are subject to the Sunshine Law. In reaching these conclusions, this office found that the evil sought to be cured by the Sunshine Law was the deliberate exclusion of the public from the decision-making processes of public governmental bodies. See Tribune Publishing Company v. Curators of theUniversity of Missouri, 661 S.W.2d 575, 584 (Mo.App. 1983). These opinions reason that the deliberative process occurs as much when less than a quorum of the members of a public governmental body discuss public business as when more than a quorum of such body discuss business. These opinions are buttressed by Section 610.020.4, RSMo Supp. 1983, which authorizes formally constituted subunits of public governmental bodies to meet without notice only under certain circumstances. If meetings of less than a quorum of the members of public governmental bodies were not subject to the Sunshine Law, the Section 610.020.4, RSMo Supp. 1983, exemption would not be necessary.
CONCLUSION
It is the opinion of this office that meetings of less than a quorum of the members of a public governmental body are subject to the provisions of the Sunshine Law, Chapter 610, RSMo 1978 Supp. 1983.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosures